PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GERMÁN VÉLEZ and FABRICIANO VÉLEZ, Defendants and Appellants.

No. 3080. Argued April 1, 1927.—Decided April 8, 1927.

*R. Sancho Bonet* for the appellants. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Fabriciano and Germán Vélez were charged with aggravated assault and battery committed on the person of Ignacio Gómez.

The case was tried on evidence introduced by both parties and the court found the defendants guilty, sentencing each of them to pay a fine of three hundred dollars and in default thereof to one day in jail for each dollar of the fine left unpaid, the imprisonment not to exceed ninety days.

The defendants appealed to this court and assigned several errors which we shall consider in the order presented.

The appellants allege that the court erred in holding that

the offense committed was aggravated assault and battery and not a breach of the peace.

There is no doubt that the information charges the commission of the offense of assault and battery. That offense is thus defined:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery . . ." Act of March 10, 1904, Comp. 1911, see 5659.

The evidence was congruent with the information. The first witness for the prosecution, José N. Quiñones, testified as follows:

"On the day referred to and between eight and nine o'clock p. m. I was in front of the Rialto Theatre when suddenly I heard a blow and saw a crowd gathering. About one or two meters from where I was I saw that the two defendants, the smaller one, I do not know them, were striking this gentleman here, Dr. Juan Ignacio Gómez, and the other defendant, the taller one, was striking Dr. Gómez on the head from behind with a cane while the smaller one was holding him. That is all I saw."

The second witness, Enrique Fuentes, a policeman, said:

"About half past eight, more or less, I was on traffic duty when suddenly I saw people running, and looking back I saw that gentleman grappling with the young man and the other who were attackting him with that cane.

"Instantly I got hold of the two; I took the cane away from this man and told him that he was under arrest, and I said the same thing to the other. I sent them both to the police station with another policeman and took the other who was wounded and as he was bleeding profusely I called a car and took him to have his wound attended."

The fact, as shown by the evidence, that there was a breach of the peace on account of the assault and battery does not imply that the offense ceased to exist and become another of a different nature.

The appellants contend likewise that the court erred in

holding that the offense was committed with a cane and qualifying it, therefore, as aggravated, citing the case of *People* v. *Marini,* 22 P.R.R. 10. The jurisprudence established in that case is as follows:

"That which really constitutes the crime of aggravated assault and battery under subdivision 6 of section 6 of the act is the use of a weapon calculated to inflict disgrace upon the victim; and when it is sought to allege that a person used a whip, cowhide, cane or similar weapon, it must be so stated in clear terms in the complaint."

It was expressly set up in the complaint that the aggravation consisted "in that the defendants committed the assault and battery with a cane which is an instrument that inflicts disgrace upon the person assaulted."

The cane was seized and introduced in evidence. The evidence is abundant on that point. We shall quote only the words of one of the defendants, Fabriciano Vélez, as follows:

"That I strongly attack prevaricators and he does not do that but the contrary, and that is why and when at the Rialto, as I said before, he told us again the same things I asked him: Why do you attack us? And he answered with a slap on the face and I answered back with a blow with the cane, an assault for an assault."

Later in answer to a question from the prosecution: "Have you always carried a cane?" he answered, referring to the cane found, "All my life; I bought this one in '21 when I was in Colombia."

The appellants allege also that in any case the court erred in finding defendant Germán Vélez guilty, because the evidence showed that he only intervened in separating the fighters.

The evidence was contradictory. That for the defense tends to show what they state, but the prosecution shows that Germán Vélez held the injured person while his father, the other defendant, attacked and assaulted him with his cane. The conflict was adjusted against the defendant and no error has been shown. Section 36 of the Penal Code not only

considers as principals or authors those who directly commit the punishable offense, but those as well who aid in the commission thereof, and if Germán Vélez committed the acts which the trial judge held as proven, there is no doubt that he aided in the commission of the offense and was properly considered as one of the principals.

Finally the appellants contend that the penalty is excessive. We do not agree.

The offense of assault and battery may be punished with a fine up to one thousand dollars and imprisonment not to exceed two years. This is a serious case and the penalty does not seem excessive, but rather lenient.

The judgment appealed from must be affirmed.